IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:25-CV-00754-M

ECHJAY INDUSTRIES PRIVATE LTD.,

    Petitioner,

v.

INDUS POWERTECH, INC.,

    Respondent.

ORDER

    This matter comes before the court on Petitioner's Motion to Seal. DE 5. Petitioner seeks to restrict from public access its Memorandum in Support of the Petition to Confirm Arbitration Award and Exhibits D-H to the Declaration of David W. Bowker, which Petitioner explains contain information that is presumptively confidential under English law. DE 5. Pursuant to Local Civil Rule 79.2, and consistent with the requirements set forth in *Ashcraft v. Conoco, Inc.*, 218 F.3d 233, 302 (4th Cir. 2000), the court finds that the records contain confidential information that should be sealed.

    Before ordering certain documents sealed, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. These requirements are met here.

    First, Petitioner filed their Motion to Seal on the public docket reasonably in advance of the court issuing this order; thus, the court has provided public notice of Petitioner's request to seal—thereby allowing interested parties a reasonable opportunity to object. *Arch Ins. Co. v. Starr*

*Surplus Lines Ins. Co.*, 2021 WL 5287162, at *1 (E.D.N.C. Oct. 28, 2021) ("[d]ocketing the motion to seal reasonably in advance of deciding the issue is sufficient to meet the public notice requirement.").

Second, the court concludes that Petitioner's request is the least drastic alternative to protect the confidential information at issue here. Petitioner has requested to file under seal only the confidential information and documents that are presumptively protected under English law. Petitioner explains that those documents pertain to a confidential proceeding before the Commercial Court at the High Court of Justice of England and Wales between Petitioner and Respondent. Under English Civil Procedure Rule 62.10, all arbitration claims other than "a preliminary point of law under section 45 of the 1996 Act[] or an appeal under section 69 of the 1996 Act on a question of law arising out of an award . . . will be heard in private," unless otherwise ordered by the appropriate English court. English Civil Procedure Rule 62.10. Petitioner's request is less drastic than sealing all documents in their entirety because Petitioner requests permission to redact only the portions of its Memorandum that are confidential and to seal only a handful of exhibits to the Declaration of David W. Bowker that pertain to the confidential English proceedings.

Third, the court has made the findings of fact necessary to support its decision to seal the information and exhibits that are the subject of Petitioner's Motion and to reject the alternatives.

For these reasons, Petitioner's Motion to Seal is GRANTED. The Clerk of the Court shall maintain under seal the documents located at DE 2 and 4 until further order of the court. Petitioner

shall file on the public docket a version of its Memorandum in Support of the Petition to Confirm Arbitration Award with limited redactions of confidential information.

SO ORDERED this 25th day of November, 2025.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE